■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JOHNSON, Appellant. [875 NYS2d 13]—

Judgment, Supreme Court, New York County (Edward J. Mc-Laughlin, J.), rendered February 22, 1995, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second felony offender, to a term of 7½ to 15 years, unanimously affirmed.

Defendant did not preserve his challenge to the sufficiency of the evidence concerning the use of force, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. One of defendant's accomplices used extensive force against the victim, to a degree that was more than enough to satisfy the statute (*see* Penal Law § 160.00).

Defendant's objection to the receipt in evidence of a nontestifying codefendant's plea allocution was insufficiently specific to preserve defendant's present Confrontation Clause claim, and we decline to review it in the interest of justice. As an alternative holding, we find that although the allocution was inadmissible under *Crawford v Washington* (541 US 36 [2004]), the error was harmless under the standard for constitutional error (*see People v Crimmins*, 36 NY2d 230, 241 [1975]). In this case where defendant was arrested at the scene of a robbery that had been witnessed by a police officer, there was overwhelming evidence of defendant's guilt and the inadmissible allocution added little to the People's case.

The record does not establish that defendant's sentence was based on any improper criteria, and we perceive no basis for reducing the sentence. Concur—Gonzalez, J.P., Sweeny, Renwick and Freedman, JJ.